UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CRYSTAL PEREZ,**
on behalf of the estate of
**RICARDO LOZANO, deceased,**
    *Plaintiff*,

v.                                                       Case No. SA-21-CV-00088-JKP

**SOUTHEAST SNF LLC, et al.,**
    *Defendants*.

**JOE SALINAS, individually**
and on behalf of
**ELODIA SALINAS, deceased,**
    *Plaintiff*,

v.                                                      Case No. SA-21-CV-00089-JKP

**SOUTHEAST SNF LLC, et al.,**
    *Defendants*.

**ROBERT T. STRAIT, individually**
and on behalf of
**ROBERT M. STRAIT, deceased,**
    *Plaintiff*,

v.                                                      Case No. SA-21-CV-00090-JKP

**SOUTHEAST SNF LLC, et al.,**
    *Defendants*.

## **O R D E R**

    Plaintiffs bring causes of action for the deaths of their loved ones in Texas nursing homes owned and operated by Defendants. They allege these COVID-19 deaths could have been prevented but for Defendants' failures to take basic precautions like hand washing, checking for fevers, and maintaining an adequate number of staff. Additionally, even after an investigation

and citations, Defendants failed to implement policies and procedures to prevent infection and comply with Texas Health and Human Services guidelines. Plaintiffs filed suit in Texas state courts. Defendants removed the cases to federal court on the basis of federal-question jurisdiction, contending that Plaintiffs' claims are completely preempted under the Federal Public Readiness and Emergency Preparedness Act ("PREP Act"). Plaintiffs timely moved to remand their cases back to state court.

## I. REMAND

A party may move to remand a previously removed case. *See* 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

Removal based on federal-question jurisdiction is reviewed under the well-pleaded complaint rule. *Elam v. Kan. City S. Ry.*, 635 F.3d 796, 803 (5th Cir. 2011); 28 U.S.C. §§ 1331, 1441. The "well-pleaded complaint rule" provides that federal jurisdiction exists "only if a federal question appears on the face of the plaintiff's well-pleaded complaint." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). Thus, as "'master of the complaint' the plaintiff may 'choose to have the cause heard in state court' 'by eschewing claims based on federal law.'" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987).

## II. DISCUSSION

### A. Removal Under 28 U.S.C. § 1441

#### 1. Complete Preemption

"[C]omplete preemption is an exception to the well-pleaded complaint rule." *Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*, 276 F.3d 683, 685 (5th Cir. 2001) (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000). The "complete preemption doctrine" provides that the preemptive force of a federal statute can be "so extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393. "If a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Id.* (quoting *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 24 (1983)); *see also Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). Thus, "[i]f a federal law is found to completely preempt a field of state law, the state-law claims in the plaintiff's complaint will be recharacterized as stating a federal cause of action." *Rio Grande*, 276 F.3d at 685 (5th Cir. 2001) (quoting *Hart*, 199 F.3d at 244).

Defendants argue Plaintiffs' claims are completely preempted by the PREP Act. This Court recently concluded the PREP Act does not completely preempt state law claims.[1] The weight of authority supports that conclusion.[2]

---

[1] *Gibbs v. Se. SNF*, No. SA-20-CV-01333-JKP-RBF, 2021 U.S. Dist. LEXIS 60473 (W.D. Tex. Mar. 30, 2021).

[2] *See, e.g., Mitchell v. Advanced Hcs*, No. 4:21-cv-00155-P, 2021 U.S. Dist. LEXIS 65488, at *13, 2021 WL 1247884 (N.D. Tex. Apr. 5, 2021); *Nava v. Parkwest Rehab. Ctr. LLC*, No. 2:20-cv-07571-ODW(AFM), 2021 U.S. Dist. LEXIS 65837, at *8, 2021 WL 1253577 (C.D. Cal. Apr. 5, 2021); *Maltbia v. Big Blue Healthcare*, No. 20-2607-DDC-KGG, 2021 U.S. Dist. LEXIS 60254, at *38 (D. Kan. Mar. 30, 2021); *Estate of Winfred Cowan v. Lp Columbia Ky*, No. 1:20-CV-00118-GNS, 2021 U.S. Dist. LEXIS 61708, at *17, 2021 WL 1225965 (W.D. Ky. Mar. 30, 2021); *Wright v. Encompass Health Rehab. Hosp. of Columbia, Inc.*, No. 3:20-02636-MGL, 2021 U.S. Dist. LEXIS 59610, at *9, 2021 WL 1177440 (D.S.C. Mar. 29, 2021); *Lopez v. Life Care Centers, et al.*, No. CV 20-0958

Put simply, the PREP Act does not completely preempt state law negligence claims for COVID-19-related injuries. The Act does not create a Federal cause of action but provides immunity[3] to "covered persons" for injuries "caused by, arising out of, relating to, or resulting from" the administration of a covered countermeasure to an individual or the use of a covered countermeasure by an individual." [4] 42 U.S.C. § 247d-6d(a). Thus, when the PREP Act is asserted as a defense, covered claims must be directed to the Covered Countermeasure Process Fund.[5] *Id.* § 247d-6e.

**2. Embedded Federal Question**

Defendants also argue that removal is proper under the embedded-federal-question doctrine articulated in *Grable*. To establish federal-question jurisdiction under *Grable*, a state law claim must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "That is, federal jurisdiction over a state law claim will lie if a

---

JCH/LF, 2021 WL 1121034, at *15 (D.N.M. Mar. 24, 2021); *Dupervil v. All. Health Operations, LLC*, No. 20-CV-4042 (PKC) (PK), 2021 U.S. Dist. LEXIS 20257, at *39, 2021 WL 355137 (E.D.N.Y. Feb. 2, 2021); *Estate of Smith v. Bristol at Tampa Rehab. & Nursing Ctr., LLC*, No. 8:20-cv-2798-T-60SPF, 2021 U.S. Dist. LEXIS 5210, at *4, 2021 WL 100376 (M.D. Fla. Jan. 12, 2021); *Parker v. St. Jude Operating Co., LLC*, No. 3:20-CV-01325-HZ, 2020 WL 8362407, at *6 (D. Or. Dec. 28, 2020); *Estate of Maglioli v. Andover Subacute Rehab. Ctr. I*, 478 F. Supp. 3d 518, 533 (D.N.J. 2020).

[3] The PREP Act "authorizes the Secretary of the Department of Health and Human Services (Secretary) to issue a PREP Act declaration. . . . A PREP Act declaration is specifically for the purpose of providing immunity from liability." https://www.phe.gov/Preparedness/legal/prepact/Pages/default.aspx.

[4] The "sole exception" to this immunity "shall be for . . . death or serious physical injury proximately caused by willful misconduct." 42 U.S.C. § 247d-6d(d)(1). Claims alleging willful misconduct may be brought in the United States District Court for the District of Columbia after such claims have been presented for compensation from the Fund. *See* 42 U.S.C. § 247d-6e(d)(1) "a covered individual may not bring a civil action . . . unless such individual has exhausted such remedies as are available under subsection (a)"; i.e., apply for compensation from the Fund.

[5] Assuming Congress has designated emergency appropriations, the Fund is to be used for "providing timely, uniform, and adequate compensation to eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure." 42 U.S.C. § 247d-6e(a).

federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Only a "special and small category of cases" grounded in state law are found "to arise under federal law for purposes of federal question jurisdiction." *Atl. Richfield Co. v. Christian*, 140 S. Ct. 1335, 1350 n.4 (2020) (quoting *Gunn*, 568 U. S. at 258). "In the mine run of cases, 'a suit arises under the law that creates the cause of action.'" *Id.* 140 S. Ct. at 1350 (quoting *American Well Works Co.* v. *Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)).

Defendants argue the PREP Act is "necessarily raised" because it both preempts Plaintiffs' state court claims and provides immunity to Defendants. This argument fails on both accounts. First, it is well established among the Federal district courts that the PREP Act does not completely preempt state court claims. Second, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (quoting *Franchise Tax Bd.*, 463 U.S. at 14). Any need to identify claims that must be presented to the Fund only arises if the PREP Act is asserted as a defense. Because PREP Act immunity is a defense that must be pled in an answer or asserted in a motion to dismiss, it is not necessarily raised as a claim or element in Plaintiffs' negligence cases.

Defendants argue that the PREP Act is "actually disputed" because Plaintiffs make arguments about the PREP Act in their motions to remand. Notably, the referenced arguments are responsive to the removal papers. Additionally, Defendants look to the wrong source to determine whether a federal issue is actually disputed. Plaintiffs' petitions bring only Texas

negligence claims, which do not require interpretation of the PREP Act. In other words, the Court does not "see any necessity for a construction of the [PREP Act] in order to make a disposition of the case." *Mays v. Kirk*, 414 F.2d 131, 134 (5th Cir. 1969). As discussed above, the PREP Act is only implicated when it is asserted as a defense. When so asserted, courts will look to the facts alleged to determine whether an injury was caused by the administration or use of a covered countermeasure. The Supreme Court has stressed that federal question jurisdiction under *Grable* is appropriate when a case presents a "nearly pure issue of law," rather than a "fact-bound and situation specific" issue. *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006); *accord Gunn*, 568 U.S. at 263.

Defendants argue the PREP Act issue is "substantial" because it could require dismissal of Plaintiffs' state court claims. State claims do not "arise under" federal law "unless it appears that some *substantial*, disputed question of federal law is a *necessary element of one of the well-pleaded state claims*." *Franchise Tax Bd.*, 463 U.S. at 13 (emphasis added). Plaintiffs bring claims for negligence and gross negligence under Texas law, neither of which require the resolution of any federal law.[6] *See Gunn*, 568 U.S. at 259 (even though the resolution of a federal patent question was necessary to the claim and actually disputed, the patent issue was not substantial because its resolution was significant only to the parties in the immediate suit and not to the federal system en masse).

---

[6] Under Texas law, gross negligence requires an act or omission

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
>
> (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Tex. Civ. Prac. & Rem. Code § 41.001(11); *U–Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). Negligence actions in Texas require a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (citations omitted).

Even if the PREP Act as a defense infuses the state causes of action with a federal issue, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 813 (1986), "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum," *Grable*, 545 U.S. at 313. Factors that weigh in favor of finding a substantial federal issue include: the case presents a nearly pure issue of law (as opposed to a fact-bound and situation-specific issue) the resolution of which "would be controlling in numerous other cases"; the federal government has an important interest in the issue (so important it warrants the costs associated with a federal case); the determination of the issue will be dispositive of the entire case. *See Empire*, 547 U.S. at 700-01 (analyzing *Grable*, 545 U.S. at 313).

As noted above, the disposition of a claim for which PREP Act immunity is asserted will turn on the facts alleged. Thus, determination in one case will not necessarily impact other cases. The Federal Government's interest in ensuring PREP Act covered claims are directed to the Fund is unique to each Declaration as each describes countermeasures, covered persons, and other elements in terms specific to that Declaration.[7] And it is discrete; the Government's interest will terminate upon either the Secretary's discretion, 42 U.S.C. § 247d-6d(b)(3), or Congress's failure to designate emergency appropriations to the Fund, *id.* § 247d-6e(a). Thus, while the Government's interest may be important today, it is temporary.

---

[7] The Secretary has issued declarations under 42 U.S.C. 247d-6d for the purpose of providing liability protection related to: Ebola therapeutics, 80 Fed. Reg. 22534 (2015); Ebola vaccines, 79 Fed. Reg. 73314 (2014); anthrax countermeasures 73 Fed. Reg. 58239 (2008); pandemic countermeasures (avian flu) 73 Fed. Reg. 61861 (2008); *Botulism* countermeasures, 73 Fed. Reg. 61864 (2008); Acute Radiation Syndrome countermeasures (radiological events), 73 Fed. Reg. 61866 (2008); and smallpox countermeasures, 73 Fed. Reg. 61869 (2008). *See generally*, https://www.hrsa.gov/get-health-care/conditions/counter-measures-comp/declarations.html.

Finally, disposition of PREP Act-covered claims may or may not be dispositive to these COVID-19-related cases. As this Court previously opined, the state courts are capable of ruling on PREP Act defenses. "In sum, . . . it takes more than a federal element to open the arising under door." *Empire*, 547 U.S. at 701 (internal quotation marks omitted). Defendants have not met their burden to show that removal under *Grable* was proper.[8] *Scarlott*, 771 F.3d at 887.

**B. Removal Under 28 U.S.C. § 1442**

Defendants argue in the alternative that removal is proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because they are persons acting under the authority of an officer of the United States. "Federal officers may remove cases to federal court that ordinary federal question removal would not reach." *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020). To remove a state action to federal court under § 1442(a)(1), "a defendant must show (1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is [related to a federal directive]." *Id*. at 296; *St. Charles Surgical Hosp., L.L.C. v. Louisiana Health Serv. & Indem. Co.*, (*St. Chas. II*), 990 F.3d 447, 452 (5th Cir. 2021) (citing *Latiolais*, 951 F.3d at 291, 296 and abandoning its former "causal nexus" requirement).

Notably, "a highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 153 (2007). Rather, a "special relationship" must exist between the federal and private entities. *Id.*, at 157. "This relationship typically involves subjection, guidance, or control [and] the private person's acting

---

[8] Other district courts have reached the same conclusion. *See, e.g., Dupervil v. All. Health Operations, LLC*, No. 20-CV-4042 (PKC)(PK), 2021 U.S. Dist. LEXIS 20257, at *39 (E.D.N.Y. Feb. 2, 2021); *Anson v. HCP Prairie Vill. KS OPCO LLC*, No. 20-2346-DDC-JPO, 2021 WL 308156, at *1 (D. Kan. Jan. 29, 2021); *Est. of Smith ex rel. Smith v. Bristol at Tampa Rehab. & Nursing Ctr., LLC*, No. 8:20-CV-2798-T-60SPF, 2021 WL 100376, at *1 (M.D. Fla. Jan. 12, 2021); *Saldana v. Glenhaven Healthcare LLC*, No. CV 20-5631 FMO(MAA), 2020 WL 6713995, at *1 (C.D. Cal. Oct. 14, 2020); *Kehler v. Hood*, No. 4:11CV1416 FRB, 2012 U.S. Dist. LEXIS 74502, at *12 (E.D. Mo. May 30, 2012).

under must involve an effort to assist, or to help carry out, the duties or tasks of the federal superior." *St. Charles Surgical Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, (*St. Chas. I*), 935 F.3d 352, 356 (5th Cir. 2019) (citations and internal quotations omitted).

> A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal "official." And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored.

*Watson*, 551 U.S. at 153.

Defendants fail to establish that their alleged conduct was "pursuant to a federal officer's directions." *Latiolais*, 951 F.3d at 296. Defendants argue that they are acting as an extension of the federal government in its efforts to combat COVID-19 and, generally, that they are required to follow federal laws, regulations, and directives "as declared by HHS Secretary Azar." *See* Defendants' Responses at 23-24. Even under the broad standard expressed in *St. Chas. II*, these assertions do not demonstrate a "special relationship" with the federal government or show that Defendants were something more than a "highly regulated" entity. *See Watson*, 551 U.S. at 153; *St. Chas. II*, 990 F.3d at 452. Moreover, as noted above, Plaintiffs' petitions do not bring any "federally-governed claims." *St. Chas. II*, 990 F.3d at 455. Accordingly, removal under 28 U.S.C. § 1442 was improper.[9]

**C. Sanctions**

Because this Court lacks jurisdiction, it does not reach Plaintiffs' requests for sanctions for actions taken by Defendants prior to the removal of these cases to federal court. *See* Plaintiffs' Motions at 21-22. Plaintiffs further request that the Court sanction Defendants for removing this case without justification. *Id.* The current state of the authority challenges the

---

[9] Other district courts have reached the same conclusion. *See Dupervil v. All. Health Operations, LLC*, No. 20-CV-4042 (PKC) (PK), 2021 U.S. Dist. LEXIS 20257, at *48 (E.D.N.Y. Feb. 2, 2021); *Sherod v. Comprehensive Healthcare Mgmt. Servs., LLC*, No. 20cv1198, 2020 U.S. Dist. LEXIS 192281, at *4 n.1, 2020 WL 6140474 (W.D. Pa. Oct. 16, 2020).

propriety of any removal claiming complete preemption under the PREP Act. *See* n.2, above. Because there was no authority from the Fifth Circuit or its District Courts at the time Defendants removed these cases, the Court cannot find that Defendants lacked an objectively reasonable basis for seeking removal. "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005); 28 U.S.C. 1447(c). Therefore, the Court declines to sanction Defendants for seeking removal of the subject cases.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Plaintiffs' motions to remand. All other pending motions are **DENIED AS MOOT**.

**It is hereby ORDERED**:

Case No. 21-cv-88 is remanded to the 131st Judicial District, Bexar County, Texas.

Case No. 21-cv-89 is remanded to the 57th Judicial District, Bexar County, Texas.

Case No. 21-cv-90 is remanded to the 37th Judicial District, Bexar County, Texas.

These cases may be closed upon remand.

**It is so ORDERED this 12th day of April 2021.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**